UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**LINDA and JULIE MARQUEZ,**
as grandparents of N.M., a minor student,

    Plaintiffs,

vs.                                                   No. 11 CV 1070 JAP/RHS

**BOARD OF EDUCATION OF LOS LUNAS**
**PUBLIC SCHOOLS,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Defendant Board of Education of Los Lunas Public Schools (Defendant) asks that Court to dismiss this case for insufficient service of process under Rule 4(m), which provides,

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Although Defendant was served with the summons and complaint 14 days after the expiration of the 120-day period within which Plaintiffs were required to serve Defendant, Defendant has not been unfairly prejudiced by the late service. Therefore, the Court will deny DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM BRIEF IN SUPPORT THEREOF (Doc. No. 6) (Motion to Dismiss). [1]

---

[1] In ruling on the Motion to Dismiss, the Court has also considered PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (Doc. No. 13) (Response) and BOARD OF EDUCATION OF LOS LUNAS PUBLIC SCHOOLS REPLY BRIEF TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS (Doc. No. 14) (Reply).

I.  Background

On December 6, 2011, Plaintiffs filed their COMPLAINT PURSUANT TO INDIVIDUALS WITH DISABILITIES EDUCATION ACT and FOR DISCRIMINATION ON THE BASIS OF DISABILITY (Doc. No. 1) (Complaint) asking for reversal of a decision by an Individuals With Disabilities Education Act hearing officer (IDEA Decision).  (Compl. ¶ 1.)  In the IDEA Decision, the hearing officer determined that the Defendant did not violate the IDEA when Defendant denied Plaintiffs' grandchild, N.M., special education on the basis of dyslexia. (*Id.*)

The Individuals With Disabilities Act (IDEA), 20 U.S.C. § 1400 et seq., requires states that accept federal special education funds to provide disabled children with a "free appropriate public education" (FAPE) in the "least restrictive environment" (LRE). The IDEA requires states to create an Individualized Education Plan (IEP) for each child that qualifies.  The IDEA, "ensure[s] that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d).   *See generally, Ellenberg v. New Mexico Military Institute*, 478 F.3d 1262, 1273-74 (10th Cir. 2011) (describing IDEA administrative process).

When parents believe their child is not being provided a FAPE in the least restrictive environment, they are entitled to an impartial due process hearing, conducted by either the State Educational Agency (SEA) or the Local Educational Agency (LEA) as determined by state law. 20 U.S.C. § 1415(f).  If the hearing is held before an LEA, the losing party may appeal to the SEA. 20 U.S.C. § 1415 (g). Once the administrative procedures and remedies are exhausted, any party "aggrieved" by the hearing officer's decision has a right to file a civil action in state or

federal court. 20 U.S.C. § 1415(i)(2).

New Mexico has chosen to accept IDEA funds, and has adopted rules to comply with IDEA's requirements accordingly.  For purposes of the IDEA, New Mexico's SEA is the New Mexico Public Education Department (NMPED), and its LEAs are generally the local school districts, like Defendant.  Plaintiffs contend that they have exhausted their administrative remedies because a due process hearing was held on October 3-5, 2011, and the due process officer submitted a decision on November 6, 2011.  Under the IDEA, Plaintiffs have 30 days in which to file a complaint in federal district court for review of a due process officer's decision.  This case was timely filed on December 6, 2011.

Plaintiffs allege N.M. has suffered and continues to suffer harm and damage from Defendant's failure to recognize her dyslexia and provide for eligibility for special education in the form of reading instruction to address dyslexia.

The IDEA sets up a unique standard for a federal court's review of the administrative due process hearing. A district court applies a modified *de novo* standard in reviewing a hearing officer's decision under the IDEA.  The district court looks at the record of the administrative proceedings and decides, based on a preponderance of the evidence, whether the requirements of the IDEA are met.

### A.  Service of Process

Plaintiffs filed their Complaint on December 6, 2011 (Doc. No. 1), and a summons was issued on that day. On April 3, 2012, Magistrate Judge Robert Hayes Scott emailed a letter to Plaintiffs' counsel noting that the case had no activity since the Complaint was filed and asking Plaintiffs' counsel to advise him on Plaintiffs' efforts to serve Defendant by filing a status report on or before April 20, 2012.  Doc. No. 3.  On April 18, 2012, a new summons was issued.  On

April 20, 2012 Plaintiffs filed a proof of service, which indicated that the "Board of Education of Los Lunas Public Schools c/o Bernard Saiz, Superintendent" was served on April 19, 2012. Doc. No. 4.  On April 20, 2012, Plaintiffs filed a STATUS REPORT BY PLAINTIFFS' COUNSEL (Doc. No. 5), in which counsel for Plaintiffs explained that "counsel was refraining from service while waiting on an independent educational evaluation (IEA) on minor student, N.M." *Id.* Defendant's filed their Motion to Dismiss on May 9, 2012.

      II.  Standard of Review

Defendant asks the Court to dismiss this case under Fed. R. Civ. P. 12(b)(2) and (5), which allow dismissal for lack of personal jurisdiction or insufficient service of process.  Under Rule 4(c), a summons and a copy of the complaint must be "served within the time allowed by Rule 4(m). . . " Fed. R. Civ. P. 4(c).  Under Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The burden of establishing validity of service is on the plaintiff.  *Salazar v. City of Albuquerque*, 278 F.R.D. 623, 627 (D. N.M. 2011) (citing, *F.D.I.C. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).  In 1993, Congress amended Rule 4(m) and "broaden[ed] the district court's discretion [to permit untimely service of process] by allowing it to extend the time for service even when the plaintiff has not shown good cause." *Id.* (quoting, *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995)).  A plaintiff is entitled to a mandatory extension of time if he can demonstrate good cause for failing to timely effect service. *Id.* (citing *Espinoza*). "The good cause provision of Rule 4[ (m) ] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply

with the Rule." *Id.* (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir.1994)).

If a plaintiff fails to show good cause for failing to timely serve process, the Court still must exercise its discretion, and either dismiss the case without prejudice or extend the time for service. *Salazar*, (citing, *Espinoza*, 52 F.3d at 842). To grant a permissive extension, the Court may consider several factors, including whether the applicable statute of limitations would bar the re-filed action. *Id.* (citing *Espinoza*). In *Espinoza*, a defendant had been served three months after the 120–day deadline, and the case was dismissed for failure to timely effect service. The United States Court of Appeals for the Tenth Circuit remanded the case to the district court to decide whether, in its discretion, the court would grant a permissive and retroactive extension of time for service. *See* 52 F.3d at 840-41 (noting that the defendant had not been served until a time "well in excess of 120 days after the filing of the [original] Complaint" and that the district court "did not consider whether Mr. Espinoza should be afforded a permissive extension of time").

III. Discussion

A.  Good Cause for Mandatory Extension of Time to Serve

Plaintiffs counsel points to Magistrate Judge Scott's letter asking Plaintiffs to file a status report by April 20, 2012 describing Plaintiffs' efforts to serve Defendant. Plaintiffs state that from this request, they assumed the Court did not intend to dismiss prior to the filing of Plaintiffs' status report. Plaintiffs contend that after receiving the letter, they acted in good faith, served Defendant, and filed a status report prior to the April 20th deadline in Magistrate Judge Scott's letter. However, the April 19, 2012 service was 14 days after the 120-day deadline had passed. Moreover, Magistrate Judge Scott not only asked for a status report, but also directed

Plaintiffs' counsel to Local Rule 41.1, which states,

> A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward. The Clerk will give written notice that the action may be dismissed thirty (30) days after the date of the notice, unless good cause is shown.

D. N.M. LR-Civ. 41-1.  Magistrate Judge Scott's request for a status report does not nullify the clearly stated deadline in Rule 4(m), and the possibility of dismissal for failure to timely serve should have been foremost in counsel's mind.

Plaintiffs also contend that they believed Magistrate Judge Scott, through his letter, had exercised his discretion to allow an extension of time for service.  Nowhere in Magistrate Judge Scott's letter was an extension of time for service mentioned.  Thus, Plaintiffs' counsel belief that the letter was an extension of time was unreasonable.  In his April 3, 2012 letter, Magistrate Judge Scott noted that the case was filed on December 6, 2011, and service had not been effected.  Instead of immediately moving for an extension of time to serve, Plaintiffs waited until April 19, 2012 to effect service and filed a Status Report about service on April 20, 2012.  Plaintiffs offer insufficient explanations for their actions.  Hence, the Court is not required to dismiss without prejudice or to extend the time for service under Rule 4(m).

### B.  Permissive Extension of Time to Serve

Next, the Court must consider whether, despite the lack of diligence on the part of Plaintiffs' counsel, the Court will exercise its discretion and grant a permissive retroactive extension of time under Rule 4(m).  First, Defendant has not shown that it has been unfairly prejudiced by the delay.  Defendant asserts, without proof, that it is prejudiced by the delay due to "staff turnover and the loss of key witnesses." (Reply at 2.)  The Court recognizes that delays in service can be prejudicial, but Defendant's bald assertions are insufficient.  Plaintiffs counter that dismissing this case without prejudice would be wasteful and unnecessary.  Plaintiffs assert

that if this case is dismissed, they would have to initiate another IDEA due process hearing in order to restart the 30-day appeal procedure causing more delay in the determination of N.M.'s eligibility for special education.  In light of the standards under Rule 4(m) for permissive extension of time and the lack of prejudice to Defendant, the Court will extend the time for service retroactively to April 19, 2012.  Therefore, the April 19, 2012 service is timely, and the Motion to Dismiss will be denied.

    IT IS ORDERED that the DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM BRIEF IN SUPPORT THEREOF (Doc. No. 6) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE